UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LIOR ATIYAS,** | : | 3:23-cv-0079 (KAD) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **R. STOVER,** | : | OCTOBER 2, 2023 |
| Respondent. | : | |

### ORDER ON PETITION FOR HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2241

Petitioner Lior Atiyas filed this petition for habeas relief under 28 U.S.C. § 2241 while incarcerated at Federal Correctional Institution at Danbury, Connecticut. ECF No. 1. Therein, he challenges the application of his First Step Act ("FSA") Earned Credits, *Id.* at ¶ 5, and claims that, from March of 2023 to the present, he should have received 15 days of FSA credits for every 30 days of programming but that he has only received 10 days of credits for every 30 days of programming. *Id.* at ¶ 6. Petitioner asks this Court to restore his FSA earned time credits. *Id.* at ¶ 15; ECF No. 1-1 at 3. Respondent filed a memorandum in opposition to the Petition on June 22, 2023. ECF No. 7. Petitioner did not reply to the Government's opposition and did not request an extension of time within which to do so. For the reasons that follow, the Petition for writ of habeas corpus is DENIED.

**Background**

On November 20, 2020, Petitioner Atiyas pled guilty to Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349 and Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1347. ECF 7-1 at 5; *see United States v. Atiyas*, 2:20-cr-01019-CCC-1 (D.N.J.), ECF No. 47. He was sentenced to a 22-month term of imprisonment as to each count, to be served concurrently, with a three-year term of supervision. *Id.* at ECF No. 58.

**Discussion**

On December 21, 2018, Congress enacted the FSA, which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). The First Step Act requires BOP to develop a system to assess a prisoner's criminogenic needs and risk of recidivism. *See generally* 18 U.S.C. § 3632, *et seq*. After a prisoner's needs are assessed, the Unit Team recommends EBRRs and PAs to address those needs. *See* 18 U.S.C. § 3632(b). Eligible inmates who successfully complete EBRRs and PAs earn 10 days of time credits for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i). However, an eligible inmate who has been determined by the Bureau of Prisons to be at a minimum or low risk for recidivating over two consecutive assessments may earn 15 days of time credits for every 30 days of successful program participation. 18 U.S.C. § 3632(d)(4)(A)(ii).

BOP regulation 28 C.F.R. § 523.42(a) provides that an eligible inmate begins earning FSA time credits after the date the inmate arrives at the designated BOP facility where the sentence will be served. *See Szanyi v. Pullen*, Case No. 3:22-cv-1253 (KAD), 2023 WL 1108469 at *2, n.1 (D. Conn. Jan. 30, 2023) (KAD) ("[t]he regulations specifically exclude time an inmate is not confined in a BOP facility from the calculation. See 28 C.F.R. § 523.41(c)(4).").

Petitioner self-surrendered to FCI Danbury, on November 21, 2022. ECF No. 7-3 at 2.[1] On December 7, 2022, Petitioner completed his first Risk-Needs Assessment and received a Low Risk of Recidivism score. ECF No. 7-4. From November 21, 2022, through June 17, 2023,

---

[1] Petition was given one day for jail credit and 99 days of earned good time credit. *Id.* Petitioner's good conduct time release date is June 12, 2024. *Id*

2

Petitioner earned 10 days of FSA time credits for every 30 days of programming. ECF No. 7-5. During this six-month time frame, Petitioner earned a total of 60 days of FSA time credits. *Id.*

On May 22, 2023, Petitioner completed his second Risk-Needs Assessment and maintained his Low Risk of Recidivism score. ECF No. 7-5. Therefore Petitioner became eligible to earn 15 days of FSA credits for every 30 days of programming consistent with 18 U.S.C. § 3632(d)(4)(A)(ii). *See id.*

Respondent explains, and Petitioner does not refute, that Petitioner did not begin earning 15 days of credit for every 30 days of programming until the beginning of the next 30-day program cycle (June 17, 2023) because his second Risk-Needs assessment had been completed in the middle of a 30-day period. ECF No. 7 at 5. Petitioner was, however, awarded 28 carry over program days so that he did not have to wait a full 30 days from June 17, 2023, to begin earning 15 days of FSA credit for every 30 days of programming. ECF No. 7-5. Thus, for the period between June 17, 2023 and July 2, 2023, Petitioner earned 15 FSA time credits. *Id.* And as of July 2, 2023, Petitioner had earned 75 days of FSA time credits. *Id.* Accordingly, the Court can discern no misapplication of Petitioner's FSA time credits and habeas relief is not warranted.

**Conclusion**

For the foregoing reasons, Petitioner's § 2241 habeas petition is DENIED. The Clerk of the Court is directed to close this case. The Court further finds that any appeal from this order would not be taken in good faith.

**SO ORDERED** this 2nd day of October 2023, at Bridgeport, Connecticut.

/s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE